**Sheridan Green Law PLLC**
Sheridan Green, Esq.

**Onal Gallant & Partners**
Enes Hajdarpasic, Esq.
*Pro Hac Vice Attorneys for Plaintiff*
*(Motion for Admission to be filed)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON

| | | |
|---|---|---|
| ASIMAN MAZAHIR FARZALIYEV, | : | |
| | : | |
| | : | Docket No. <u>4:23-cv-01907</u> |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS); ALEJANDRO MAYORKAS, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; UR M. JADDOU, DIRECTOR OF USCIS; USCIS HOUSTON ASYLUM OFFICE | : : : : : : : : | |
| | : | |
| *Defendants*. | : | |
| | : | |
| | : | |

**PLAINTIFF ASIMAN FARZALIYEV COMPLAINT AND ACTION IN MANDAMUS**

**INTRODUCTION**

1. On January 26, 2017, Plaintiff Asiman Mazahir Farzaliyev (A209 963 526) exercised his right to seek asylum by filing a Form I-589 asylum application with Defendant U.S. Citizenship and Immigration Services ("USCIS").

2. Congress has mandated that USCIS adjudicate asylum applications within 180 days of filing, but Plaintiff's application remains pending nearly six years later. *See* 8 U.S.C. § 1158(d)(5)(A)(iii).

3. In fact, Plaintiff has not even had an initial interview with USCIS in connection with his application, even though Congress has mandated that USCIS shall provide an initial interview on an asylum application not later than 45 days after the filing of the application. *See* 8 U.S.C. § 1158(d)(5)(A)(ii).

4. Defendants' failure to adjudicate Plaintiff's asylum application has caused serious and irreparable harm. Plaintiff and his wife are wholly reliant on USCIS for renewal of their employment authorization cards and have begun facing difficulties at work due to the lack of legal status. Further, this tremendously long delay and the uncertainty over their status has caused Plaintiff and his family extreme emotional and psychological harm.

5. Defendants have violated their non-discretionary and statutory duty to adjudicate Plaintiff's asylum claim, and he therefore respectfully requests that the Court compel USCIS to promptly adjudicate his asylum application.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted in this action under 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651.

7. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 because Plaintiff is aggrieved by adverse agency action which the Court is authorized to remedy under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

8. Jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 2201-02 which authorizes the issuance of declaratory judgments.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this judicial district is where Plaintiff's asylum application remains pending, and where Defendants, acting through the Houston Asylum Office of USCIS, have failed to take action as required by law.

## THE PARTIES

10. Plaintiff is a native and citizen of Azerbaijan.

11. Defendant USCIS is an agency of the United States Department of Homeland Security ("DHS") charged with, *inter alia*, scheduling asylum interviews and adjudicating applications for asylum.

12. Defendant Alejandro Mayorkas is the Secretary of DHS and oversees DHS. In his official capacity, he is charged with the administration and enforcement of the Immigration and Nationality Act ("INA"), and has the authority to determine the refugee status of applicants under 8 U.S.C. § 1158(b)(1)(A), and is authorized to delegate such powers and authority to employees of DHS, including USCIS. *See* 8 U.S.C. § 1103(a)(1). Defendant Mayorkas is named in this Complaint in his official capacity.

13. Defendant Ur M. Jaddou, is the Director of USCIS, the agency charged with scheduling Plaintiff's asylum interviews and adjudicating his asylum application. Defendant Jaddou is named in her official capacity.

14. Defendant USCIS Houston Field Office is the office that is charged with overseeing the work of USCIS encompassing the state of Texas, and which work includes the scheduling of Plaintiff's asylum interviews and adjudicating his asylum application.

## THE FACTS

15. On January 26, 2017, Plaintiff filed the Form I-589 application for asylum with USCIS.

16. Pursuant to 8 U.S.C. § 1158(d)(5)(A)(ii), USCIS was required to schedule an initial interview with Plaintiff no later than 45 days later, but Plaintiff has not received an interview nearly six years later.

17. Upon information and belief, some asylum seekers who filed their asylum applications with the Houston Asylum Office after Plaintiff have already received final decisions on their applications.

18. The unreasonable delay has caused Plaintiff and his family exceptional hardships and irreparable harm.

19. Since coming to the United States, Plaintiff and his family have not been able to settle into their lives, causing extreme emotional anguish. Due to the administrative limbo, Plaintiff has been unable to obtain the financial benefits or loans available to those with immigration status. Further, Plaintiff and his family remain wholly reliant on USCIS for continuing employment authorization and has been struggling with psychological difficulties and stress due to the uncertainty over his pending application.

## DEFENDANTS' DUTY TO ADJUDICATE PLAINTIFF'S ASYLUM APPLICATION

20. Individuals who fear persecution in their countries of origin have a right to affirmatively seek asylum in the United States. In order to do so, applicants must submit an I-589 application for asylum to USCIS, and USCIS is responsible for scheduling asylum interviews and adjudicating the asylum application.

21. In addition to a right to file for asylum, applicants have a right to an adjudication of that application. In other words, USCIS must adjudicate asylum applications, and cannot keep them pending indefinitely.

22. In enacting the Immigration and Nationality Act ("INA"), Congress made it clear that "[i]n the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii).

23. The INA also makes it clear that "in the absences of exceptional circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(iii).

24. In January 2018, USCIS adopted a last in, first out policy for scheduling asylum interviews. Under this policy, applicants are divided into three categories. First priority applicants are those being rescheduled interviews that were previously cancelled. Second priority goes to new applications pending 21 days or less. The third and last priority goes to those in the "asylum backlog" who are waiting for interviews, starting with the most recently added applicants. *See* https://www.uscis.gov/archive/uscis-to-take-action-to-address-asylum-backlog.

Under these procedures, Defendants placed Plaintiff's 2017 filed asylum application in an effective indefinite state, with no assurance that the application will ever be adjudicated.

## COUNT ONE

## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

25. Plaintiff repeats and reallege paragraphs 1 to 25 as if fully set forth herein and incorporate them by reference.

26. Plaintiff has a statutory right to apply for asylum and be considered for that relief under the INA. *See* 8 U.S.C. § 1158(a).

27. Plaintiff also has a right to an adjudication of his asylum application.

28. Pursuant to 8 U.S.C. § 1158(d)(5)(A)(ii) and (iii), Defendants have a non-discretionary statutory duty to schedule an interview within 45 days of the application being filed, and to make a "final administrative adjudication of the asylum application . . . within 180 days after the date an application is filed." *See id.* The delay in Plaintiff's case falls well outside of this statutory time limit and there are no exceptional circumstances to justify the delay suffered by Plaintiff. Accordingly, Defendants have violated their duty by failing to timely adjudicate Plaintiff's asylum application and by arbitrarily placing Plaintiff's application in a backlog which may last indefinitely under the current regime for adjudication.

29. Plaintiff has no adequate remedy at law and will suffer irreparable harm if Defendants do not promptly adjudicate his asylum application.

30. Under the APA, 5 U.S.C § 706(1), the Court is authorized to compel agency action which has been unreasonably delayed.

31. Defendants delay in providing a final decision on Plaintiff's asylum application is unreasonable because:

a.) the delay is not covered by a "rule of reason;"

b.) Congress has provided a statutory deadline of 45 days to schedule an initial interview and 180 days for the adjudication of asylum claims, which Defendants have clearly failed to meet;

c.) the delay is especially intolerable because it impacts Plaintiff's welfare and economic interests;

d.) expediting the delayed adjudication would not impact Defendant USCIS' other priorities and Plaintiff is not asking USCIS to devote greater capacity to adjudicating asylum claims. Instead, Plaintiff is asking that the agency use their existing capacity to adjudicate Plaintiff's asylum application;

e.) the delay impacts every aspect of Plaintiff's life, hindering his ability to make permanent plans;

f.) Defendants' last in, first out policy has an arbitrary and capricious effect and disparate impact on Plaintiff's ability to obtain an adjudication, in contrast to those whose applications have received priority treatment

32. Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies, Plaintiff seeks a court order compelling Defendants to schedule and adjudicate his asylum application pursuant to 5 U.S.C. § 706(1).

## COUNT TWO

### (MANDAMUS)

33. Plaintiff repeats and realleges paragraphs 1 through 33 as if fully set forth herein and incorporate them by reference.

34. Under the Mandamus Act, 28 U.S.C. § 1361, relief may be granted because Defendants owe Plaintiff a non-discretionary statutory duty, and Plaintiff has exhausted all other avenues of relief.

35. Plaintiff has a statutory right to apply for asylum and to be considered for that relief pursuant to the INA. *See* 8 U.S.C. § 1158(a).

36. Congress has mandated that USCIS shall schedule an initial interview within 45 days of filing of the asylum application (8 U.S.C. § 1158(d)(5)(ii)) and make a "final administrative adjudication of the asylum application . . . within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(iii). The delay in Plaintiff's case falls well outside this statutory time limit and there are no exceptional circumstances to justify the delay suffered by Plaintiff. Thus, Defendants have failed to perform their nondiscretionary duty.

37. Though USCIS has discretion in granting or denying applications, it has no discretion in whether it will or will not schedule an interview or render a decision on an application, as the statute makes clear that an initial interview is to take place within 45 days and that an adjudication "shall" take place within 180 days after the date an application is filed. 8 U.S.C. § 1158(d)(5)(A)(iii).

38. Aside from claims brought under the APA, Plaintiff has no adequate remedy at law, and will suffer irreparable harm if his asylum application is not promptly adjudicated.

39. Having diligently followed the procedures set forth by Defendants and exhausted all administrative remedies, Plaintiff seeks a writ of mandamus or in the nature of mandamus to end Defendants' unreasonable delay and refusal to adjudicate Plaintiff's asylum application.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Accept jurisdiction and maintain continuing jurisdiction of this action;

b. Declare Defendants actions in this matter an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1) and 28 U.S.C. § 2201-02;

c. Issue a declaratory judgment or preliminary or permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make a determination on Plaintiff's I-589 asylum application;

d. Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to make a determination on Plaintiff's I-589 asylum application within two weeks;

e. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), *et seq*; and

f. Grant such other relief as the Court deems necessary.

Dated: May 24, 2023

**SHERIDAN GREEN LAW PLLC**

/s/ Sheridan Green

SHERIDAN GREEN
Attorney in Charge
State Bar # 24083103
SDTX# 2433504
Sheridan Green Law PLLC
330 Rayford Rd., Ste. 337
Spring, TX 77386
Tel: (435) 668-9494
Fax: (210) 899-0476
greenvisalaw@gmail.com

*Counsel of Record for Plaintiff*

**ONAL GALLANT & PARTNERS**

By:  /s/ Enes Hajdarpasic
Enes Hajdarpasic, Esq.
Of Counsel
619 River Dr., Suite 340
Elmwood Park, NJ 07407
*Pro Hac Vice Attorneys for Plaintiff*
*(Motion for Admission to be filed)*